THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jerry Louis
 McGriff, Appellant.
 
 
 
 
 

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2010-UP-538
 Submitted November 1, 2010  Filed
December 16, 2010

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy
 Attorney General John W. McIntosh,  Assistant Deputy Attorney General Donald J.
 Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of
 Columbia; and Solicitor Douglas
 A. Barfield, Jr., of Lancaster, for Respondent.
 
 
 

PER CURIAM: Jerry Louis
 McGriff was convicted of murder, possession of a firearm during the commission
 of a violent crime, and unlawful carrying of a pistol.  The trial court
 sentenced McGriff to forty years' imprisonment for murder and concurrent sentences
 of one year for unlawful carrying of a pistol and five years for the possession
 of a firearm during the commission of a violent crime.  On appeal, McGriff
 argues the trial court erred in instructing the jury on the "hand of one
 is the hand of all."  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v. Ward, 374
 S.C. 606, 614, 649 S.E.2d 145, 149 (Ct. App. 2007) (finding the "hand
 of one is the hand of all" charge proper when evidence supports the theory
 that the defendants joined together to accomplish an illegal purpose); State v. Curry, 370 S.C. 674, 682, 636 S.E.2d 649, 653 (Ct. App. 2006)
 ("A charge is sufficient if, when considered
 as a whole, it covers the law applicable to the case."); State v.
 Condrey, 349 S.C. 184, 194, 562
 S.E.2d 320, 324 (Ct. App. 2002) ("Under the
 'hand of one is the hand of all' theory, one who joins with another to
 accomplish an illegal purpose is liable criminally for everything done by his
 confederate incidental to the execution of the common design and purpose."); Id. at 194, 562 S.E.2d at 325 (quotation
 marks omitted) ("Under an accomplice
 liability theory, a person must personally commit the crime or be present at
 the scene of the crime and intentionally, or through a common design, aid,
 abet, or assist in the commission of that crime through some overt act."); Id.(holding a conspiracy agreement "may
 be shown by circumstantial evidence and the conduct of the parties.").  
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.